IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARDY STORAGE COMPANY, LLC,**

   **Plaintiff,**

**v.**          //    CIVIL ACTION NO. 2:06CV17
              (Judge Keeley)

**AN EASEMENT FOR TANK SITES ON
PROPERTIES IN HARDY COUNTY,
WEST VIRGINIA, ET AL.,**

   **Defendants.**

## ORDER GRANTING PLAINTIFF HARDY STORAGE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT ELWOOD DAVIS

On October 15, 2007, the plaintiff, Hardy Storage Company, LLC ("Hardy") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Hardy asks that the Court decide the only remaining issue in this condemnation action,[1] the amount of just compensation to be paid to Defendant Elwood Davis ("Davis") for Hardy's permanent easement for an above ground storage tank site on Davis' property. Hardy asserts that there is no dispute as to the appropriate compensation for that use, and asks the Court to award Davis just compensation in the amount of $258.30.

On October 17, 2007, the Court issued a notice to Davis, who is proceeding pro se, pursuant to Roseboro v. Garrison, 528 F.2d

---

[1] The other parties to this action, Thomas H. Price, III and Esther Price, were dismissed from the case by an order of voluntary dismissal filed on June 11, 2007.

309 (4th Cir. 1975). The notice appraised Davis of his right to file counter-affidavits or other responsive material and that his failure to so respond may result in an entry of summary judgement against him. It further advised Davis that he had thirty (30) days after receiving that order to file any opposition to the pending summary judgment motion.

Davis accepted service of the Roseboro notice on October 18, 2007. He has filed nothing in response to that notice or in opposition to the motion for summary judgment.

The issue underlying this case began on November 1, 2005, when the Federal Energy Regulatory Commission issued Hardy a certificate of public convenience and necessity under the Natural Gas Act, 15 U.S.C. § 717-717z. Hardy then filed this condemnation action on February 9, 2006, in order to condemn an easement for an above ground storage tank site required for the operation and maintenance of Hardy's pipeline. On June 1, 2006, Hardy filed a Motion for Immediate Access to the property, which Magistrate Judge Kaull granted at a hearing on June 22, 2006. Davis, who had not filed an Answer to the Condemnation Complaint, also did not file a response to the motion for immediate access, nor did he attend the hearing.

### ORDER GRANTING PLAINTIFF'S HARDY STORAGE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT ELWOOD DAVIS

Hardy then entered Davis' property and used the easement for an above ground-tank site.

The only issue remaining in this action is the amount of just compensation due to Davis. Just compensation "means the full and perfect equivalent in money of the property taken," which the United States Supreme Court has interpreted as meaning the fair market value of the lands sought to be condemned. U.S. v. Miller, 317 U.S. 369, 373 (1943). Davis, as the property owner, bears the burden of proving the fair market value. See U. S. ex rel. and for Use of Tennessee Valley Authority v. Powelson, 319 U.S. 266, 273-74 (1943).

Clearly, Davis has failed to meet his burden of proof in this case. Hardy, however, supplies its own estimate of the fair market value of the property it has condemned. In an affidavit from Douglas Holley ("Holley"), who is the Team Leader for Operations for Columbia Gas Transmission Corporation, Holley states that he has worked as a land agent for approximately twenty-five years. In this capacity, he regularly analyzes the value of properties for condemnations and makes offers of settlement to landowners. He states that, for this case, he has reviewed information gathered to evaluate the property value of the portion condemned of the Davis

property, the fair market value of the property in the area, and the fact that Hardy's use of the property is permanent. Specifically, Holley calculates that 0.0574 acres of Davis' property are used for the permanent easement, and that the average value of similar property is $4,500 an acre. Accordingly, Holley believes that the just compensation for Hardy's easement on Davis' property is $258.30.

Finding good cause, the Court **GRANTS** Hardy's motion for summary judgment (dkt. no. 27), and **ORDERS** that Hardy pay $258.30 to Elwood Davis for its permanent use of the property condemned, as described in the Complaint and depicted on the plan attached to the Complaint. As this was the sole remaining issue in this action, the Court further **ORDERS** that the action be dismissed with prejudice.

It is so **ORDERED**.

The Clerk is directed to transmit copies of the order to counsel of record and all pro se parties.

DATED: January 11, 2008.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE